UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY W. BROWN,

Petitioner,

v.

JANAN CAVAGNOLO,

Respondent.

Case No. 2:25-cv-2918-TLN-JDP (P)

ORDER

Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. After review of the petition, I find that it fails to state a cognizable federal habeas claim. I will dismiss the petition with leave to amend. I will also deny petitioner's application to proceed *in forma pauperis*, ECF No. 6, as moot in light of his payment of the filing fee.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition does not state a cognizable federal habeas claim. Petitioner states that the

1

conviction he is challenging dates from 2016; it thus appears well past the Anti-Terrorism and Effective Death Penalty's one-year statute-of-limitations period. To the extent any claim relates to his original trial, it appears untimely. Petitioner's claims appear to center on the application of Assembly Bill 2542, which prohibits the state from seeking a conviction based on race, ethnicity, or national origin. ECF No. 1 at 6. Such claims generally sound purely in state law and do not give rise to a viable federal habeas claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted). Petitioner attempts to recast this claim as a federal one by arguing that, with respect to him, the assembly bill has been applied in a manner that violates the Equal Protection Clause. He alleges that "the trial prosecutor sought and obtained a more serious offense against [him]." ECF No. 1 at 7. This allegation is somewhat difficult to understand but, as best I can tell, petitioner is alleging that, as a Black man, he received a more severe sentence for negligent discharge of a firearm, criminal threats, being a felon in possession of a firearm, and animal abuse than a White man did for drowning his dog (25 years to life compared to three years and nine months). *Id.* at 8, 15-16. As the state court noted in denying his habeas petition, however, he was facing different charges than the man to whom he is comparing himself and, unlike that individual, had prior convictions for "murder or involuntary manslaughter." *Id.* at 16. "To establish an Equal Protection claim, Plaintiffs must demonstrate that a class that is similarly situated has been treated disparately." *Olson v. State of California*, 104 F.4th 66, 77 (9th Cir. 2024) (internal quotation marks omitted).

I will dismiss the petition with leave to amend so that he may explain why, if at all, this action should proceed. If petitioner chooses to file an amended petition, he must do so on the form provided. The amended petition should be titled "First Amended Petition" and be submitted on the habeas form enclosed with this order. I advise plaintiff to provide a straightforward chronology of the events undergirding his claims and to plainly state the specifics of each claim he seeks to raise.

Accordingly, it is ORDERED that:

1.     The petition, ECF No. 1, is DISMISSED with leave to amend.

2

2.     Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3.     Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.     The Clerk of Court shall send petitioner a habeas petition form with this order.  If he files an amended complaint, he must use this form.

5.     Petitioner's application to proceed *in forma pauperis*, ECF No. 6, is DENIED as moot in light of his payment of the filing fee.

IT IS SO ORDERED.


Dated:     February 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3